IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CANDY J. MULLAN,

      Plaintiff,

  v.                              Civil Action No. 1:24-cv-62

ANTERO RESOURCES CORPORATION,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]**

Pending before the Court is *Defendant Antero Resources Corporation's Motion to Dismiss with Prejudice* [ECF No. 4]. For the reasons stated herein, Defendant's Motion [ECF No. 4] is **GRANTED.**

## I.   PROCEDURAL HISTORY

Plaintiff Candy Mullan ("Plaintiff") filed a Complaint against Defendant Antero Resources Corporation ("Defendant") on October 27, 2023. ECF No. 1-1. Defendant was served with the summons and complaint on May 29, 2024. ECF No. 1-2. Defendant filed its Notice of Removal to this Court on June 20, 2024. ECF No. 1. On June 27, 2024, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 4. Plaintiff filed a response to Defendant's motion to dismiss on July 25, 2024. ECF No. 8. Defendant filed its *Reply Memorandum in Support of Defendant Antero Resources*

*Corporation's Motion to Dismiss with Prejudice* on August 8, 2024. [ECF NO. 9]. In its reply, Defendant requested Plaintiff's response to be stricken due to untimeliness. Id. at 1.[1] The motion is fully briefed and ripe for review.

## II.  FACTS

In the Complaint, Plaintiff sets forth a claim of premises liability surrounding a piece of real property belonging to Donald Barnes in Doddridge County, West Virginia. Compl., ECF No. 1-2, at ¶ 3. Plaintiff alleges that Defendant has a right of way on the property. Id. Plaintiff also states that she has animals that reside on the same property. Id. As part of Defendant's right of way, Plaintiff claims that "the Defendant has control of a portion of the land the Defendant uses to maintain the land her animals are located on." Id. at ¶ 4.

Plaintiff alleges that Defendant was negligent in the care of the area and created a dangerous situation by failing to maintain its alleged right of way. Id. at ¶¶ 5-7, 11. Plaintiff further claims that Defendant failed to warn or put up notice about the dangerous situation. Id. at ¶¶ 5-6. As a result of these unsafe conditions, Plaintiff fell and suffered bodily injury on April 6, 2022. Id. at ¶ 8. Plaintiff states that Defendant's agents and

---

[1]    The Court acknowledges that Plaintiff's response was untimely but **DENIES AS MOOT** Defendant's request to strike the response because the Court ultimately **GRANTS** *Defendant's Motion to Dismiss with Prejudice.*

2

employees knew or should have known of the dangerous situation and should have taken action to protect "the landowner or his authorized people." Id. at ¶ 9.

### III. STANDARD OF REVIEW

#### A. Rules 12(b)(5) and 4 of the Federal Rules of Civil Procedure

A motion to dismiss for insufficient service of process is governed by Rule 12(b)(5). Time requirements and the like are set forth under Rule 4(m). However, as discussed infra in Section IV.B.1., the West Virginia Rules of Civil Procedure regarding service apply in this case because the case was under State jurisdiction during the time of service.

#### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.   DISCUSSION

Defendant filed its Motion to Dismiss with Prejudice [ECF No. 4] pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is **GRANTED** [ECF No. 4] and Plaintiff's Complaint [ECF No. 1-1] is **DISMISSED WITH PREJUDICE**.

### A. Plaintiff Failed to Properly Serve Defendant Pursuant to Rule 4 of the West Virginia Rules of Civil Procedure.

"When service occurs prior to removal, state law controls the question of whether service was proper." Dean v. Alderman, No. 5:13CV19, 2013 WL 4431338, at *2 (N.D.W. Va. Aug. 16, 2013) (citation omitted). A defendant must be served within 120 days after the complaint is filed and if a defendant is not served within that time, "the court on motion or on its own after notice

4

to the plaintiff shall dismiss the action without prejudice against that defendant or order that service be made within a specified time." W. Va. R. Civ. P. 4(i). West Virginia Rule of Civil Procedure 4(i) also states that "if the plaintiff shows good cause for the failure [to make timely service], the court shall extend the time for service for an appropriate period." Id.

"The good cause shown must be substantial; otherwise, the mandatory language of the rule would have little force or effect and the good cause exception would swallow the rule." Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W. Va. 1992). "[B]y and large, courts have not considered that ongoing settlement negotiations excuse compliance with Rule 4[(i)]." State ex rel. Charleston Area Med. Ctr., Inc. v. Kaufman, 475 S.E.2d 374, 380 (1996), overruled in part on other grounds by Burkes v. Fas-Chek Food Mart Inc, 617 S.E.2d 838 (2005).

West Virginia Rule of Civil Procedure 4(i) requires Defendant to be served within 120 days of Plaintiff filing her complaint. Plaintiff filed her Complaint on October 27, 2023. ECF No. 1-1. Defendant was not served with the summons and complaint until May 29, 2024, 214 days later. ECF No. 1-2. Plaintiff argues that service was delayed due to ongoing settlement negotiations. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8, at 1. Interestingly, Defendant notes that "Plaintiff made no settlement demands or attempts to resolve this case between the filing of the Complaint

and the late service of process." Rep. Mem. in Supp. of Def.'s Mot. to Dismiss with Prejudice, ECF No. 9, at 2, fn. 1. Despite the potential truthfulness regarding the parties' participation in settlement negotiations, this Court finds that ongoing settlement negotiations do not excuse noncompliance with Rule 4(i). This Court agrees with Defendant and finds that Plaintiff failed to timely serve the Complaint and failed to establish good cause for the untimeliness. As such, the Court finds grounds to **GRANT** Defendant's motion to dismiss.

**B. The Complaint Does Not State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.**

For the following reasons, Defendant's motion to dismiss is also **GRANTED** on the merits and thus dismissal with prejudice is appropriate.

**1. The Court May Consider the Exhibits Attached to Defendant's Motion to Dismiss.**

In support of its Motion to Dismiss under Rule 12(b)(6), Defendant attaches an Amended and Restated Assignment and Bill of Sale and relating exhibits (collectively the "Assignment") [ECF No. 4-1]. These exhibits contradict the allegations in Plaintiff's Complaint. Namely, these exhibits show that Defendant did not have ownership or control of the property at issue in Plaintiff's Complaint.

Generally, when a defendant moves to dismiss under Rule 12(b)(6), courts are limited to considering the sufficiency of

allegations set forth in the complaint and the "documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Nevertheless, courts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment under Rule 56 if the documents are "integral to and explicitly relied on in the complaint," and "the plaintiffs do not challenge [the documents'] authenticity." Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015).

A document is "integral" to a complaint if it is quoted, relied upon, or incorporated by reference in the complaint. Roberts v. Barnes, No. 1:22CV65, 2023 WL 3656892, at *4 (N.D.W. Va. May 25, 2023) (quoting Gasner v. Cnty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995)). An integral document also is "central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted." Id. (quoting Johnson v. W. Va. Univ. Bd. of Governors, 2022 WL 908496, at *5 (S.D.W. Va. Mar. 28, 2022)). The Defendant's exhibits meet this standard because Plaintiff's claims arise out of the ownership of the property identified in the Complaint.

Here, the Assignment includes the contract outlining the Defendant's assignment and bill of sale and a list of the affected property interests, including water, mixed-use, and excluded

assets, as well as withdrawal points, withdrawal agreements, and excluded wells. ECF No. 4-1. In her complaint, Plaintiff explicitly references the real property of Donald Barnes located in Doddridge County. Plaintiff alleged that, at the time of filing the Complaint, Defendant had a right of way through that property. This right of way is explicitly included in the Assignment's list of the affected property interests. ECF No. 4-1, at 40; ECF No. 4-2, at 13, 23-24. Accordingly, the Assignment is integral and undoubtedly relevant to the Plaintiff's claims. Upon careful review, the Court concludes that it may consider the Defendant's supporting exhibits without converting its motion to dismiss into one for summary judgment.

**2. Plaintiff Fails to State a Claim for Premises Liability.**

Under West Virginia law, "a defendant [generally] cannot be held liable for a defective or dangerous condition of property which it does not own, possess or control." Andrick v. Town of Buckhannon, 421 S.E.2d 247, 251 (W. Va. 1992). Premises liability "results either from control of the subject area or from a specific wrongful act." Durm v. Heck's Inc., 401 S.E. 2d 908, 911 (W. Va. 1991).

While Plaintiff argues that Defendant possesses a right of way on the property at issue and controls a portion of the land, the Court finds that the Assignment shows that, as of September 22, 2015, Defendant had assigned and sold its right of way on the

8

Donald Barnes property and no longer holds any interest in the property.

The Court finds that, at the time the Complaint was filed and for over eight years prior to, Defendant did not own, possess, or control the property at issue. Thus, Defendant cannot be held liable for a defective or dangerous condition on the property. As such, Plaintiff has failed to state a claim for premises liability.

**3. The Alter-Ego Doctrine Does Not Apply in This Case.**

West Virginia law has long recognized that, "[a]s a general rule, corporations are considered wholly separate entities from each other and from those who own them." Tucker v. Thomas, 853 F.Supp.2d 576, 590 (N.D. W.Va. 2012) (Stamp, J.) (citing Syl. Pt. 1 & 2, Laya v. Erin Homes, Inc., 177 W.Va. 343, 352 S.E.2d 93 (1986)). However, the separation of entities is a legal fiction, and the alter-ego doctrine or the "piercing the corporate veil," allows courts, in certain circumstances, to disregard the corporate form and "look beyond the bare legal relationship of the parties to prevent the corporate form from being used to perpetrate injustice, defeat public convenience or justify wrong." Southern States Cooperative, Inc. v. Dailey, 280 S.E.2d 821 (W. Va. 1981).

Plaintiff does not explicitly argue that the alter-ego doctrine should apply. Rather, Plaintiff merely argues that "the Defendant's assignment to it[s] sister companies does not relieve their liability for their actions of leaving the property in a

condition that is dangerous." Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8, at 1. Plaintiff argues that the same individual signed the documents as "Chief Administrative Officer"; thus, "[c]learly, they are all 'Antero'" and Defendant is still liable. Id.[2] Defendant argues that there are no allegations to support the application of the alter-ego doctrine and correctly asserts that the doctrine should be used sparingly. Reply Mem. in Supp. of Def.'s Mot. to Dismiss with Prejudice, ECF No. 9, at 5.

The Court finds that Defendant, Antero Resources Corporation, is a separate entity from both Antero Water LLC and Antero Midstream LLC. The Court also finds no reason to pierce the corporate veil, as there are no allegations or any indication that the corporate form is being used to perpetrate injustice, defeat public convenience, or justify wrong in this case. As such, the Court finds grounds under Rule 12(b)(6) to **GRANT** Defendant's motion to dismiss.

## V.    CONCLUSION

For the reasons discussed, the Court **GRANTS** the Defendant's motion [ECF No. 4] pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and **DISMISSES** Plaintiff's claims

---

[2]    Plaintiff requested permission to amend its pleading to include the two other Antero entities. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8, at 2. This request is **DENIED AS MOOT**, as the Court **GRANTS** Defendant's Motion to Dismiss for both improper service and failure to state a claim.

with prejudice. This action is thus **STRICKEN** from the Court's active docket and the Clerk is **DIRECTED** to enter judgment in favor of Defendant.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

DATED: March 7, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA